UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

USALLIANCE FEDERAL CREDIT
UNION,

      Plaintiff,

v.                                              Case No: 2:17-cv-612-FtM-38MRM

JEFF A. RAWLINGS,

      Defendant.
_____/

**OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff's Motion for Default Judgment and Affidavits in Support (Doc. 14) filed on March 7, 2018. No Response was filed and the time to do so has expired. The Court finds that an evidentiary hearing is not required and will render a decision based on the documents submitted. For the reasons set forth below, the Motion is granted.

**BACKGROUND**

This is an action on a promissory note to recover outstanding indebtedness on a boat loan. On November 8, 2017, Plaintiff USAlliance Federal Credit Union filed a one-count Complaint for breach of a maritime contract. (Doc. 1). Because Defendant Jeff A. Rawlings failed to respond to the Complaint, a Clerk's Entry of Default (Doc. 11) was

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

entered on January 3, 2018. Plaintiff now seeks the entry of judgment against Rawlings for the principal balance owed at the time of the default, late fees, interest accrued, and attorney's fees and costs.

When a default judgment occurs, a defendant admits the plaintiff's well-pled allegations of fact. If liability is well pled, it is established by virtue of a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). The mere entry of a default by the clerk does not in itself warrant the entry of default by the Court. Rather the Court must find that there is sufficient basis in the pleadings for the judgment to be entered. *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (citation omitted). A complaint must state a claim in order for default judgment to be granted. *Id.*

Deeming all facts in the Complaint as admitted, on or about March 10, 2015, Rawlings borrowed $29,943.00 from USAlliance for the purchase of the 32' M/V ROBIN'S NEST, Official Number 1102212, HIN: RGMVA334K900. (Doc. 1, ¶ 6). The loan transaction was memorialized by a Loan and Security Agreement executed by Rawlings, and is attached to the Complaint. (*Id.*; Doc. 6-1). Rawlings has not made a payment on the loan since July 12, 2017. (*Id.*, ¶ 8). On October 6, 2017, USAlliance sent Rawlings a written notice of default and notice of acceleration of the balance due because of his continuing default. (*Id.*, ¶ 9).

Plaintiff's Affidavit of Robert Wesler in Support of Plaintiff's Motion for Final Default Judgment (Doc. 14-3), states that the loan documents attached to the Complaint are true and correct copies. Also provided is the Affidavit of Non-Military Service (Doc. 14-4) and

the Affidavit of Timothy P. Shusta, Esq., counsel for USAlliance (Doc. 14-5), to support the request for attorney's fees and costs.

## DISCUSSION

The elements of a breach of contract cause of action are: (1) a valid contract, (2) a material breach, and (3) damages. *Havens v. Coast Florida, P.A.*, 117 So. 3d 1179, 1181 (Fla. 2d DCA 2013). Here, USAlliance alleged that Rawlings personally guaranteed repayment of the debt, that Rawlings breached the loan agreement by refusing to pay that debt, and that Rawlings owes USAlliance damages as a result. Thus, the Court finds that Plaintiff has adequately pled a breach of contract, which allegations are deemed admitted, supporting the entry of a default judgment against Defendant.

### A. Damages

Regarding the damages, Plaintiff submitted an Affidavit of Robert Wesler, a Portfolio Manager for USAlliance. (Doc. 14-3, "Wesler Affidavit"). In the Wesler Affidavit, USAlliance asserts a claim of $28,193.83 due at the time of the Affidavit, excluding the attorney's fees and costs incurred in seeking enforcement of the loan agreement. Plaintiff seeks damages in the form of the principal balance on the loan, unpaid late fees, and accrued interest. (*Id.* at ¶¶ 9-11.) Specifically, as of **January 5, 2018**, Plaintiff asserts the following is due and owing:

| Principal | $26,539.57 |
| Late Fees | $142.68 |
| Accrued Interest[2] | $1,511.58 |
| **TOTAL** | **$28,193.83** |

---

[2] Contractual interest continues to accrue on the amount due under the loan agreement at the daily periodic post-default rate of 0.03216% per day from **January 6, 2018** to the date of entry of judgment (a per diem rate of $8.54). (Doc. 14-3, ¶ 13).

3

Defendant has failed or refused to pay the amounts due and owing, and is indebted to Plaintiff in the amount of $28,193.83 as of January 5, 2018. Therefore, the Court will grant the requested pre-judgment interest, and apply the continuing per diem rate stated in the loan agreement of $8.54 from January 6, 2018, through the date of entry of judgment.

**B. Attorney's Fees**

Attorney Shusta, an attorney at the law firm of Phelps Dunbar in Tampa, seeks fees for attorney work of $6,844.00 and paralegal work of $62.00 for time spent in pursuing this action. According to the time sheets submitted to support the fee application (Doc. 14-5), Attorney Shusta and Paralegal Suzanne Walker commenced work on this matter in October 2017, and through January of 2018 had performed 21.7 hours of work in categories as set forth in the time sheets. Also in support, the Motion states that the loan agreement allows a recovery of reasonable attorney's fees and costs if a breach occurs. (Doc. 1, ¶¶ 10-11; Doc. 1-1, p. 3).

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), and a "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The party seeking an award of fees should submit adequate documentation of hours and rates in support, or the award may be reduced. *Hensley*, 461 U.S. at 433.

The time sheets detail the categories of tasks performed representing 21.3 attorney hours and .40 paralegal hours. Without evidence to the contrary, the Court accepts the itemized billing records as evidence of the reasonableness of the attorney and paralegal hours billed.

Regarding the hourly rate, the burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). It is clear that the applicable prevailing market is the Fort Myers area, and not Tampa. *See Olesen-Frayne v. Olesen*, 2:09-cv-49-FTM-29DNF, 2009 WL 3048451, at *2 (M.D. Fla. Sept. 21, 2009) (prevailing market is the Fort Myers Division). Here, attorney Shusta states he is a member of the Florida Bar, has practiced law in Tampa since November 1984, and has been primarily engaged in the practice of maritime law for over 33 years. (Doc. 14-5, ¶ 3). Mr. Shusta holds the title of "Counsel" at Phelps Dunbar with an hourly rate of $320, which increased late in the litigation to $330, and the hourly paralegal rate requested is $155. (*Id.*, ¶ 5). The Court finds that $320 and $330 an hour is slightly higher than the prevailing rates in the Fort Myers Division, but in its discretion, given Mr. Shusta's years of experience in maritime law, the Court will award the requested rate. This Court has held that paralegal fees of $170 are reasonable for the Southwest Florida area; therefore, the Court will allow the $155 hourly paralegal rate. *See Ford Motor Credit Co. LLC v. Parks*, Case No: 2:16-cv-105-FtM-99MRM, 2017 WL 218831, at *4 (M.D. Fla. Jan. 19, 2017).

**C. Costs**

USAlliance seeks $465.00 in filing and services of process fees, submitting the Affidavit of Attorney Timothy P. Shusta in support. (Doc. 14-6). No further documentation is submitted, but the Court finds that the costs are allowable because they are not otherwise limited by the loan agreement to statutory costs.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion for Default Judgment (Doc. 14) is **GRANTED**.

(2) The Clerk of Court is **DIRECTED** to enter default judgment in favor of Plaintiff USAlliance Federal Credit Union and against Defendant Jeff A. Rawlings in the following amounts:

a. $28,193.83 in damages, plus continuing interest at the per diem rate of $8.54 from January 6, 2018, through the date of entry of judgment;

b. $6,906.00 in attorney's fees; and

c. $465.00 in costs.

(3) The Clerk of Court is **DIRECTED** to terminate all pending motions and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of March, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record