UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

USALLIANCE FEDERAL CREDIT UNION,

    Plaintiff,

v.                                                Case No.:   2:17-cv-612-FtM-38MRM

JEFF A. RAWLINGS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Stipulated Motion for Entry of Final Judgment for Continuing Writ of Garnishment as to Garnishee, Maj Contracting, Inc. filed on June 12, 2020. (Doc. 36). For the reasons set forth below, the Undersigned recommends **GRANTING** the requested relief.

## DISCUSSION

On March 29, 2018, this Court entered a default judgment in favor of Plaintiff and against Defendant Jeff A. Rowlings in the following amounts:

    a.    $28,193.83 in damages, plus continuing interest at the per diem rate of $8.54 from January 6, 2018, through the date of entry of judgment;

    b.    $6,906.00 in attorney's fees; and

    c.    $465.00 in costs.

(Doc. 17 at 6).

Fed. R. Civ. P. 64(a) provides, in pertinent part, "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential

judgment." Under Fed. R. Civ. P. 64(b), garnishment is specifically listed as an available remedy.

Section 77.03, Fla. Stat., provides:

> After judgment has been obtained against defendant but before the writ of garnishment is issued, the plaintiff, the plaintiff's agent or attorney, shall file a motion (which shall not be verified or negative defendant's exemptions) stating the amount of the judgment. The motion may be filed and the writ issued either before or after the return of execution.

Fla. Stat. § 77.03.

On April 28, 2020, Plaintiff filed a Motion for Continuing Writ of Garnishment After Judgment requesting that the Court issue a Continuing Writ of Garnishment against Maj Contracting Inc., Defendant's employer, as Garnishee in accordance with Fla. Stat. § 77.03. (Doc. 22 at 1). On April 30, 2020, this Court entered an Order granting Plaintiff's Motion for Continuing Writ of Garnishment and directed the Clerk of Court to issue the proposed Continued Writ that was attached to the Motion. (Doc. 23). On the same day, the Clerk of Court issued the Writ to Garnishee, Maj Contracting, Inc. ("Maj"). (Doc. 24). The writ ordered Maj to serve an answer to the writ stating whether Maj was the employer of Defendant. (*Id*.).

On May 6, 2020, Maj filed its answer to the Continuing Writ of Garnishment and stated that it was the employer of Defendant. (Doc. 27). On May 7, 2020, Defendant filed a Claim of Exemption and Request for Hearing. (Doc. 28). Defendant claimed the Head of Family Wages Exemption and stated that he "provides more than one-half of the support for a child or other dependent, have net earnings more than $750.00 per week, but have not agreed in writing to have my wages garnished." (*Id*. at 1). On May 11, 2020, Plaintiff filed a Notice of Filing Judgment Creditor's Affidavit in Opposition to Defendant's Affidavit for Exemption. (Doc. 30).

On June 8, 2020, the Undersigned held a hearing to determine whether Defendant's

claimed exemption applies.  (*See* Doc. 32).  At the hearing, Plaintiff's counsel argued that the claimed exemption does not apply to Defendant because Defendant's wife is not a dependent under the law.  At the end of the hearing, the Undersigned ordered Plaintiff's counsel to submit a supplemental memorandum of law addressing its legal argument in this regard no later than June 12, 2020, and the Undersigned ordered Plaintiff's counsel to serve Defendant with a copy of its brief by the same date.  (Doc. 34 at 1-2).  The Undersigned also stated that if Defendant chooses to file a response to Plaintiff's brief, that he must do so no later than June 19, 2020.  (*Id*. at 2).

On June 12, 2020, Plaintiff filed a Notice of Settlement.  (Doc. 35).  Also on June 12, 2020, Plaintiff filed the instant motion, which states:

> On or about June 10, 2020, the parties entered into a Settlement Agreement related to the garnishment and the Defendant's claim of exemption, wherein the Defendant has offered, and Plaintiff has agreed to accept, twelve and a half percent (12.5%) of said Defendant's disposable earnings, said earnings including monies paid for commissions, salary, wages or any other form of payment, per each paid period, beginning the pay period including May 7, 2020 (as set forth within the Garnishee's Answer); a copy of said Settlement Agreement is attached as Exhibit "B."

(*Id*. at 2).

The parties request that this Court enter the proposed "Agreed Final Judgment in Garnishment against Garnishee, Maj. Contracting Inc., as was agreed to between the parties[.]" (*Id*. at 2-3).  The Settlement Agreement states that upon Final Judgment being entered that:

> As a result of said Final Judgment, Garnishee shall withhold, from each of Defendant, JEFF RAWLINGS', pay checks, twelve and a half percent (12.5%) of said Defendant's disposable earnings, said earnings including monies paid for commissions, salary, wages or any other form of payment, per each paid period, beginning the pay period including May 7, 2020 (as set forth within the Garnishee's Answer) and forward said sums to the Plaintiff's attorney at, Law Offices of Kevin Jackson, P.A., 1136 SE 3rd Avenue, Ft. Lauderdale, FL 33316 and made payable to the "Law Offices of Kevin Jackson, P.A.".  Any sums over and above said twelve and a

>half percent (12.5%) that have been withheld by Garnishee prior to this Order shall be released back to the Defendant. As the Claim of Exemption filed by Defendant was related to his wife's unemployment, the Defendant has also agreed that upon his wife gaining employment, the parties will submit an Amended Agreed Final Judgment in Garnishment to the Court that will direct the Garnishee to withhold twenty five percent (25%) of the Defendant's disposable earnings and to forward said sums to Plaintiff's attorney as set forth herein. Garnishee shall continue forwarding the above referenced sums to Plaintiff's Attorney until the entire Judgment Balance of $35,564.83, plus interest from March 30, 2018, at the statutory rate per annum, has been paid in full.

(Doc. 39 at 1-2).

Given the parties representations and upon review of the Motion and the Settlement Agreement, the Undersigned finds no reason to deny the requested relief. (*See* Doc. 36; Doc. 39).

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Plaintiff's Stipulated Motion for Entry of Final Judgment for Continuing Writ of Garnishment as to Garnishee, Maj Contracting, Inc. (Doc. 36) be **GRANTED**;

2. That the Agreed Final Judgment as Against Garnishee, Maj Contracting, Inc., on Continuing Writ of Garnishment be entered by the Clerk of Court (Doc. 39); and

3. That upon the payment of the entire Judgment Balance of $35,564,83 plus interest from March 30, 2018, at the statutory rate per annum, the Garnishee, Maj. Contracting Inc., be discharged from further liability under the Writ of Garnishment.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on July 2, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite the presiding District Judge's consideration of the Report and Recommendation, the parties may also file a notice of non-objection within fourteen days.

Copies furnished to:

Counsel of Record
Unrepresented Parties